[No. C060404. Third Dist. May 1, 2009.]

In re S.R. et al., Persons Coming Under the Juvenile Court Law.
SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN
SERVICES, Plaintiff and Respondent, v.
M.M. et al., Defendants and Appellants.

## Counsel

Roshni Mehta, under appointment by the Court of Appeal, for Defendant and Appellant M.M.

Leslie A. Barry, under appointment by the Court of Appeal, for Defendant and Appellant J.R.

Robert A. Ryan, Jr., County Counsel, and Scott M. Fera, Deputy County Counsel, for Plaintiff and Respondent.

## Opinion

**NICHOLSON, Acting P. J.**—The parents of the minors appeal from orders of the juvenile court terminating their parental rights and granting a petition for modification. (Welf. & Inst. Code, §§ 366.26, 388, 395; further undesignated statutory references are to the Welfare and Institutions Code.) Appellants contend the juvenile court abused its discretion in granting the petition to modify the prior order for a bonding study. We agree and reverse both the order vacating the bonding study and the order terminating parental rights.

### FACTS

In October 2006, the Sacramento County Department of Health and Human Services (DHHS) removed the three minors, all six years of age or younger, from parental custody due to domestic violence in the home and appellants' failure to protect the minors. Both parents speak Spanish and require interpreters. Visits were to be supervised by a Spanish-speaking observer. The juvenile court ordered reunification services for the parents but, after 18 months, the parents failed to reunify and services were terminated April 21, 2008. Both parents asked the court to order a bonding assessment. The minors' counsel took no position on the issue. Counsel for DHHS stated a bonding assessment would provide useful information and did not object to the request. The court agreed and ordered the assessment.

On June 25, 2008, DHHS filed a petition for modification of the order for a bonding study. The petition stated that the parents were referred for the study on April 29, 2008, to Dr. Jayson Wilkenfield. Dr. Wilkenfield had declined the referral because he was not Spanish speaking and thus would be unable to "detect and appreciate the significance" of the subtleties of the parent-child interaction and perform an adequate assessment of the parent-child bond. The psychologist had "called a number of [his] colleagues" but had been unable to find a qualified Spanish-speaking professional in the Sacramento area to whom the case could be referred.

The hearing on the petition for modification was held July 18, 2008. The court inquired whether DHHS had investigated local resources to find a Spanish-speaking psychologist. The social worker told the court the person who dealt with DHHS service contractors had made inquiries but the social worker was not sure whom she had called. The social worker told the court the county had a contract with the University of California at Davis and assumed that entity had been contacted, but no one had been found to conduct the study. The social worker reported that Dr. Wilkenfield said that it would be impossible to get useful results using an interpreter to do the study. The court was concerned about the lack of firsthand, specific information presented and continued the hearing so that DHHS could show it had contacted specific hospitals and universities to determine whether they had staff qualified to perform the bonding study.

DHHS filed an addendum report on July 24 which stated the social worker had contacted Dr. Blake Carmichael, of the University of California at Davis Medical Center, and was told the facility currently had no Spanish-speaking professionals able to conduct a bonding study. The social worker had called the psychology department at California State University at Sacramento and found it was closed for the summer. Finally, the social worker contacted the

psychology department at the University of California at Davis and was informed their program was strictly academic and treated only students. At the next hearing, on July 25, 2008, the juvenile court noted that DHHS did not fully comply with the prior orders to detail efforts to find a qualified person to conduct the bonding study and instead provided only incomplete information. The court stated there was no information on whether Dr. Anthony Urquiza had been contacted.[1]

According to a second addendum, filed August 5, 2008, DHHS contacted six Spanish-speaking clinical licensees in the area, all of whom responded that they were not qualified to perform a bonding study. The addendum reiterated the information from the July report. DHHS had been unable to contact Dr. Anthony Urquiza to determine whether he would be able to perform the assessment.

At the hearing on the petition for modification on August 15, 2008, counsel for each parent argued against granting the petition because there was no showing that there were changed circumstances or that the modification was in the minors' best interests. In ruling on the petition the court stated: "There could probably be a debate as to whether or not this is most properly filed as a [section] 388 motion or if, in the alternative, it is more technically a motion for reconsideration and to vacate a prior court order, but those are ultimately in this case a distinction without a difference which is the issue of should [DHHS] continue to be held to an obligation to follow a court order which appears not to be able to be accomplished. [¶] I will confess that in today's day and age it does seem difficult to believe that no Spanish speaking professional can be retained by [DHHS] to conduct such assessment; however, I do accept the representations from [DHHS] as to each of the efforts that they have made. It is clear that they have contacted numerous professionals within the community as well as the U.C. Davis Medical Center, the psychology departments both at Sacramento State University as well as U.C. Davis and that to date, notwithstanding continuances and further efforts by

---

[1] Although no information about him appears in the record, Dr. Anthony Urquiza is a clinical psychologist at the University of California at Davis Medical Center specializing in medical evaluations, psychological assessments and treatment of abused and neglected children. He performs psychological evaluations and bonding studies. He has testified as an expert in child sex abuse cases on child sexual abuse accommodation syndrome (CSAAS) and in dependency cases on evaluations of both parents and children. He has published a paper on treatment of abused Spanish-speaking children and currently is the director of the Child and Adolescent Abuse, Resource, Evaluation (CAARE) Diagnostic and Treatment Center, which evaluates, diagnoses and treats abused children. (See, e.g., <http://www.ucdmc.ucdavis.edu/children/ourteam/biodetail.asp?bioid=524> [as of May 1, 2009]; <http://www.falsely-accused.com/resources/motions/CSAAS/Urquiza.Transcript.pdf> [as of May 1, 2009]; Borrego et al., *Parent-Child Interaction Therapy With a Spanish-Speaking Family* (May 2006) vol. 13, issue 2, Cognitive and Behavioral Practice, pp. 121–133; *People v. Wells* (2004) 118 Cal.App.4th 179, 186 [12 Cal.Rptr.3d 762].)

[DHHS] they have not been able to locate any person who can do such assessment. [¶] This court has previously noted that there is no statutory right to anything called a bonding assessment or, in the alternative, what most professionals more properly delineate as an attachment assessment between the children and parents. [¶] As such[,] the Court does not believe that it is at all fruitful or appropriate to continue the order that such assessment take place. It simply would be a futility at this point apparently . . . ." In lieu of the bonding study, the court granted "a fair amount of leeway" in presenting evidence of the minors' attachment to the parents so the court could make a determination as to whether an exception to the preference for adoption applied.

At the subsequent section 366.26 hearing, appellants testified briefly about visitation with the minors. The court found no exception to the preference for adoption and terminated parental rights.

## DISCUSSION

Appellants argue the court abused its discretion in granting the petition for modification to vacate the order for a bonding study because the evidence that a Spanish-speaking psychologist qualified to perform the study was not available in Sacramento County did not constitute changed circumstances and there was no evidence the ruling was in the best interests of the minors.

The juvenile court's discretion to order a bonding study arises from Evidence Code section 730, which provides, in relevant part: "When it appears to the court, at any time before or during the trial of an action, that expert evidence is or may be required by the court or by any party to the action, the court on its own motion or on motion of any party may appoint one or more experts to investigate, to render a report as may be ordered by the court . . . ." Thus, the reason for appointment of an expert is that the expertise is, or may be, required to resolve issues in the case.

In a hearing to terminate parental rights in a dependency proceeding, the primary issue often is whether the parents can establish that the child would benefit from a continuing relationship with them and that termination of parental rights would therefore be detrimental to the child. (§ 366.26, subd. (c)(1)(B)(i).) In attempting to establish or eliminate this exception to the preference for adoption, the parties or the court may require a bonding study to illuminate the intricacies of the parent-child bond so that the question of detriment to the child may be fully explored.

In this case, the parties did request a bonding study. The request was not opposed because DHHS also thought it might be useful. The court agreed and

ordered the study. After the referral for the study, it became apparent that finding an expert to perform the study presented a problem because it was necessary for the expert to be Spanish speaking for the study to have any value. A month after discovering this difficulty, DHHS brought a petition for modification seeking to vacate the order for the bonding study because no local expert could be found. DHHS did not continue to search for an expert but relied solely on Dr. Jayson Wilkenfield's letter for the request to vacate the bonding study. When the court made it clear this showing was inadequate, DHHS contacted the hospital with which they had a service contract and two universities, one of which, by the time contact was made, was on summer break. When DHHS was again pushed by the court for better information, the social worker contacted some Spanish-speaking clinical licensees, but not Dr. Urquiza, the expert suggested by the court.

■ The court has authority to change, modify or set aside any order subject to the procedural requirements of notice and a proper petition. (§§ 385, 386, 388.) Thus, DHHS "may, upon grounds of change of circumstance or new evidence, petition the court in the same action in which the child was found to be a dependent child of the juvenile court . . . for a hearing to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court." (§ 388, subd. (a).) "The [party] requesting the change of order has the burden of establishing that the change is justified. [Citation.] The standard of proof is a preponderance of the evidence. [Citation.]" (*In re Michael B.* (1992) 8 Cal.App.4th 1698, 1703 [11 Cal.Rptr.2d 290].) Determination of a petition to modify is committed to the sound discretion of the juvenile court and, absent a showing of a clear abuse of discretion, the decision of the juvenile court must be upheld. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318–319 [27 Cal.Rptr.2d 595, 867 P.2d 706]; *In re Robert L.* (1993) 21 Cal.App.4th 1057, 1067 [24 Cal.Rptr.2d 654].)

■ Not every change in circumstance can justify modification of a prior order. The change in circumstances must relate to the purpose of the order and be such that the modification of the prior order is appropriate. (See *In re Daijah T.* (2000) 83 Cal.App.4th 666, 674 [99 Cal.Rptr.2d 904], e.g., changes in parental circumstances that make reunification desirable may justify modification of an order terminating services.)

■ Here, the change of circumstances is alleged to be that DHHS has not been able to find an expert to perform the study. However, the purpose of the prior order was to have an expert determine the degree of attachment between the parents and the children with a view toward potentially defeating termination of parental rights. The order was not limited to a local expert nor was it intended to be viable only if the task were simple or did not require any significant expenditure of funds. Summarizing the evidence in support of

the order, it appears that on hearing that a Spanish-speaking psychologist was needed, DHHS did nothing more than move to vacate the order until the court required additional specific evidence. At that point, DHHS contacted a hospital and two universities, one treated only students and the other was closed for the summer. When pushed further by the court DHHS disclosed it had contacted six Spanish-speaking clinical licensees, although there is no evidence that any of them specialized in child abuse issues or forensic assessments, and had not contacted the expert suggested by the court. Further, it does not appear that DHHS attempted to locate an expert by contacting sister agencies in any nearby counties or larger population centers. Though the task given DHHS by the court may have appeared to the agency to be difficult to complete, that perception and the scant effort given the task provided no basis to modify the original order. Despite expressing incredulity at the apparent unavailability of a qualified expert, the court "accepted" the meager efforts by DHHS, effectively abdicating its factfinding function and compromising its exercise of discretion. The hollow evidence tendered by DHHS did not support a finding of changed circumstances, only a finding that a further continuance was required until DHHS located a satisfactory expert.

■ Any modification must also promote the interests of the minors. The record does not support a conclusion that the modification DHHS sought meets this criterion. The minors' interest after termination of reunification services is generally in permanence and stability. (*In re Stephanie M., supra,* 7 Cal.4th at p. 317.) However, if the minors would benefit from a continuing relationship with the parents, termination of parental rights is detrimental to the minors' interests. (§ 366.26, subd. (c)(1)(B)(i).) The expert evidence of a bonding study goes directly to this interest. While a bonding study is not statutorily mandated in a dependency proceeding, once ordered, the court has necessarily found it is required by the court or a party. In such a circumstance, the court is without discretion to modify or, more correctly, vacate the order, without substantial evidence on the record that the bonding study is no longer necessary or appropriate for legitimate reasons other than apparent difficulty by DHHS in complying with the order. The only evidence adduced in this case establishes that inadequate effort by DHHS led to the failure to complete the court-ordered bonding study. Thus, there is no basis for the court to conclude that the minors' interests are served by vacating the court's order. The juvenile court erred in granting the petition to modify (or vacate) its order for a bonding study.

Because the order terminating parental rights is dependent upon the assumption that termination is not detrimental to the minors and that assumption is undermined by an absence of evidence to demonstrate such lack of detriment, both the order vacating the order for a bonding study and the order terminating parental rights as to both parents must be reversed. (Cal. Rules of Court, rule 5.725(h).)

## · DISPOSITION

The orders granting the petition for modification and terminating parental rights are reversed, and the matter is remanded with directions for the juvenile court to order DHHS to secure the services of an appropriate expert before conducting a new section 336.26 hearing.

Hull, J., and Robie, J., concurred.

On May 28, 2009, the opinion was modified to read as printed above.