[No. C035065. Third Dist. Sept. 7, 2000.]

In re DAIJAH T. et al., Persons Coming Under the Juvenile Court Law.
SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN
SERVICES, Plaintiff and Respondent, v.
FELICIA W., Defendant and Appellant.

COUNSEL

S. Lynne Klein, under appointment by the Court of Appeal, for Defendant and Appellant.

Robert A. Ryan, Jr., County Counsel, and Joy A. Ramos, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

SIMS, J.—Felicia W., the mother of Daijah T. and Shawn T., appeals from juvenile court orders denying her petition for modification and terminating her parental rights. (Welf. & Inst. Code, §§ 366.26, 388, 395; further undesignated statutory references are to that code.) Appellant contends the court erroneously denied her an evidentiary hearing on the petition, resulting in a violation of her right to due process of law. We shall conclude the juvenile court violated her statutory rights by denying her an evidentiary hearing on the petition under section 388; accordingly we need not resolve her due process claim. We shall reverse the orders.

FACTUAL AND PROCEDURAL BACKGROUND

On November 2, 1998, the Sacramento County Department of Health and Human Services (DHHS) filed amended section 300 petitions on behalf of one-year-old Daijah and two-year-old Shawn. Those petitions alleged in part that appellant's emotional difficulties and substance abuse rendered her incapable of providing adequate care to the minors. The juvenile court sustained the petitions as amended further and adjudged the minors dependent children.

The juvenile court ordered DHHS to provide appellant with reunification services. Those services included counseling, parenting classes, and random drug testing. Unfortunately, appellant did not comply with most of the requirements of her reunification plan. As a result, on August 31, 1999, the court terminated appellant's reunification services.

The minors had three siblings: Anisha, Ashlee, and Marcus. Each of those minors also was the subject of a dependency proceeding. A psychological evaluation concluded that, if appellant were reunited with all five children, "it is likely that she would become increasingly depressed and suicidal, and that she would be unable to adequately parent all of the children on her own."

Eventually, DHHS reunited Anisha, Ashlee, and Marcus with appellant. However, DHHS recommended adoption as the permanent plan for Daijah and Shawn. DHHS also had identified a prospective adoptive family for Daijah and Shawn, and that family had been visiting with them since November 1999. On February 18, 2000, Shawn and Daijah were placed with that family. All of the siblings continued to visit together every two weeks.

On February 23, 2000, appellant filed a verified petition pursuant to section 388, seeking a modification of the juvenile court's orders ending reunification services and scheduling a section 366.26 hearing. Appellant sought a new order vacating the section 366.26 hearing and granting her any necessary additional services to reunify Daijah and Shawn with her. According to appellant's petition, she had completed her reunification case plan as to the siblings of Daijah and Shawn and had reunified with them.

In her declaration supporting the petition for modification, appellant averred that she was ready to assume custody of Daijah and Shawn. Appellant also stated: "I sincerely believe that my children are bonded to each other, as all of my children visit together on most visits with Daijah and Shawn and Daijah and Shawn cry when we have to leave the visit. I believe that I have shown the court that I can change and this change is in the best interest of my children. Further, that placing Daijah and Shawn back with their siblings, and me, or at the least allowing me to pursue further reunification efforts are in their best interest as well. Therefore, I am seeking this change of orders for the benefit of the family."

At the February 29, 2000, hearing on appellant's petition for modification and implementation of a permanent plan for the minors, counsel for appellant asked the juvenile court to grant appellant an evidentiary hearing on her petition. Counsel argued "[the petition] does show a change of circumstances, and it would appear to be in the children's best interests . . . ."

The juvenile court denied appellant's petition for modification and request for an evidentiary hearing. In doing so, the court stated as follows: "First, I'm deciding whether or not I'm even going to hear it. If I determine that I'm going to hear it, I'll need to set it. Everybody can comment if I determine not to hear it then. [¶] All right. As to the first prong whether or not the mother's 388 motion has or the petition has stated a change of circumstances, it has stated a change of circumstances as to her personal circumstances and that of the siblings within her care, but it has not stated a change of circumstance as to the minors Daijah and Shawn. [¶] Also, the mother has not demonstrated that it would be in Daijah's and Shawn's best interests for the Court to grant a hearing on said motion, and therefore, the 388 is denied summarily."

At the conclusion of the hearing, the juvenile court found by clear and convincing evidence that the minors were adoptable and terminated appellant's parental rights.

DISCUSSION

I

*What Must Be Pleaded*

 Appellant contends she stated a prima facie case establishing changed circumstances and that it was in the best interests of the minors to modify the juvenile court's previous orders. As changed circumstances, appellant points to the fact that she pleaded she completed her case plan and reunited with her other three children. According to appellant, because she averred Daijah and Shawn are bonded with their siblings, the best interests of Daijah and Shawn would be promoted if they reunited. Appellant also argues that, "[i]n summarily denying [her] a hearing on her section 388 petition, the juvenile court deprived her of the right to a full and fair hearing on the merits guaranteed by [due process]."

The first question is: What must a party plead in order to obtain an evidentiary hearing under section 388?

As pertinent to this case, section 388 provides: "Any parent . . . may, upon grounds of change of circumstance or new evidence, petition the court in the same action in which the child was found to be a dependent child of the juvenile court . . . for a hearing to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court. The petition shall be verified and, if made by a person other than the child, shall state the petitioner's relationship to or interest in the child and shall set forth in concise language any change of circumstance or new evidence which are [sic] alleged to require such change of order or termination of jurisdiction. [¶] If it appears that the best interests of the child may be promoted by the proposed change of order . . . , the court shall order that a hearing be held. . . ."

Rule 1432 of the California Rules of Court[1] provides in pertinent part as follows:

"(a) [Contents of Petition (§§ 388, 788)] A petition for modification shall be liberally construed in favor of its sufficiency. The petition shall be verified and shall contain the following:

---

[1] Subsequent references to rules are to the California Rules of Court.

"(1) The name of the court to which the petition is addressed;

"(2) The title and action number of the original proceeding;

"(3) The name, age, and address of the child;

"(4) The name and residence address, if known, of the parent or guardian or an adult relative of the child, if appropriate under circumstances described in rule 1407;

"(5) The date and general nature of the order sought to be modified;

"(6) A concise statement of any change of circumstance or new evidence that requires changing the order;

"(7) A concise statement of the proposed change of the order;

"(8) A statement of the petitioner's relationship or interest in the child, if the application is made by a person other than the child;

"(9) A statement whether or not all parties agree to the proposed change.

"(b) [Denial of Hearing] If the petition fails to state a change of circumstance or new evidence that might require a change of order or termination of jurisdiction, the court may deny the application ex parte.

"(c) [Grounds for Grant of Petition (§§ 388, 788)] If the petition states a change of circumstance or new evidence and it appears that the best interest of the child may be promoted by the proposed change of order or termination of jurisdiction, the court may grant the petition after following the procedures in subdivisions (d) and (e).

"(d) [Hearing on Petition] If all parties stipulate to the requested modification, the court may order modification without a hearing. If it appears to the court that the requested modification will be contested or if the court desires to receive further evidence on the issue, the court shall order that a hearing on the petition for modification be held within 30 calendar days after the petition is filed."

In *In re Jasmon O.* (1994) 8 Cal.4th 398, 415 [33 Cal.Rptr.2d 85, 878 P.2d 1297] our Supreme Court said: "The petition for modification must contain a 'concise statement of any change of circumstance or new evidence that requires changing the [previous] order.' (Cal. Rules of Court, rule

1432(a)(6).) The petition must be liberally construed in favor of its sufficiency. (*Id.*, rule 1432(a); see also *In re Marilyn H.* [(1993) 5 Cal.4th 295, 309 [19 Cal.Rptr.2d 544, 851 P.2d 826]].) As one court has explained, 'if the petition presents any evidence that a hearing would promote the best interests of the child, the court will order the hearing.' (*In re Heather P.* [(1989) 209 Cal.App.3d 886, 891 [257 Cal.Rptr. 545]].)"

 These authorities clearly establish that the petition must allege a change of circumstance or new evidence that requires changing the existing order.

A more interesting question is whether the petition must plead facts showing that the best interests of the child may be promoted by the proposed change of order. Section 388 is ambiguous on this point; it says simply that, "[i]f it appears that the best interests of the child may be promoted by the proposed change of order . . . the court shall order that a hearing be held." Rule 1432(f) does not expressly require the petition to allege facts showing that the best interests of the child may be promoted by the proposed change of order.

Nonetheless, we conclude a party must plead facts showing that the best interests of the child may be promoted by the proposed change of order, because our Supreme Court has expressly approved a case that acknowledges such a pleading requirement. Thus, as we have recounted, in *In re Jasmon O., supra*, 8 Cal.4th at page 415, the Supreme Court quoted and approved the statement in *In re Heather P., supra*, 209 Cal.App.3d 886, 891, that " 'if the petition presents any evidence that a hearing would promote the best interests of the child, the court will order the hearing.' " This passage presupposes that the petitioner will plead facts (evidence) showing that the proposed modification may be in the best interests of the child. If the petitioner does not plead those facts, the juvenile court has no way to evaluate the petitioner's evidence with respect to whether the requested modification may promote the best interests of the child.

From the foregoing, we conclude that a party's section 388 petition, seeking to change an order, must include facts showing:

1. Any change of circumstance or new evidence that may require changing the order; and

2. That the best interests of the child may be promoted by the proposed change of order.

## II.

### The Sufficiency of Appellant's Pleading

The next question is whether appellant pleaded facts sufficient to obtain an evidentiary hearing.

■ If the petition presents any evidence that a hearing would promote the best interests of the child, the court will order the hearing. (*In re Jasmon O., supra,* 8 Cal.4th at p. 415; *In re Hashem H.* (1996) 45 Cal.App.4th 1791, 1798-1799 [53 Cal.Rptr.2d 294]; *In re Heather P., supra,* 209 Cal.App.3d at p. 891.) "The parent need only make a prima facie showing to trigger the right to proceed by way of a full hearing. [Citation.]" *(In re Marilyn H., supra,* 5 Cal.4th 295, 310.) "A 'prima facie' showing refers to those facts which will sustain a favorable decision if the evidence submitted in support of the allegations by the petitioner is credited. [Citation.]" *(In re Edward H.* (1996) 43 Cal.App.4th 584, 593 [50 Cal.Rptr.2d 745].)

■ With respect to her duty to plead changed circumstances, the juvenile court found, correctly, that she had sufficiently pleaded changed circumstances to herself. Thus, she averred that, in the dependency involving siblings Anisha, Ashlee, and Marcus, she had completed her reunification plan and those minors had been returned to her custody.

Respondent apparently disagrees with the juvenile court's finding on this point. Thus, respondent relies on *In re Baby Boy L.* (1994) 24 Cal.App.4th 596 [29 Cal.Rptr.2d 654]. There, a mother with a long history of drug abuse appeared at a hearing held pursuant to section 366.26. Her attorney argued to the court that she was in the process of rehabilitating herself from drug dependency and had tested negative for drugs. (24 Cal.App.4th at p. 608.) She did not have her test results at the hearing and her attorney stated she could provide the tests to the court. (*Ibid.*) The juvenile court terminated her parental rights without further hearing. *(Id.* at p. 609.)

The Court of Appeal held the juvenile court had properly terminated her rights without further hearing. (*In re Baby Boy L., supra,* 24 Cal.App.4th at p. 609.) The court concluded, first, that no further hearing was required because the mother had filed no written section 388 petition. (24 Cal.App.4th at p. 609.) Second, the court concluded that the mother had not showed changed circumstances because she had demonstrated only "a bare scintilla of proof that she was *beginning* to rehabilitate." *(Id.* at p. 610, italics in original.)

*Baby Boy L.* is distinguishable from this case on two grounds. First, here a written section 388 petition was filed. Second, here the mother pleaded far

more than a bare scintilla of proof that she was beginning to rehabilitate. Thus, as we have recounted, she averred that she had completed a reunification plan and her other children had been returned to her. *Baby Boy L.* is thus inapposite.

We conclude the section 388 petition in this case sufficiently pleaded changed circumstances as to appellant.

The juvenile court further concluded, however, that the petition was defective because it failed to allege a change of circumstances *with respect to the minors Daijah and Shawn.* On this latter point, the juvenile court erred.

Nothing in section 388 suggests that the requisite change of circumstances must be a change applicable to the minors who are subject to the dependency. We are aware of no case law imposing such a requirement. The change of circumstances may be a change in the circumstances of a parent which may make the modification of a prior order appropriate. Indeed, this is precisely what happens in many section 388 petitions, where a parent avers that changes in his or her circumstances make reunification with a child possible and desirable. In these cases, there is usually no change in the circumstances of the minor, who remains in foster care.

In *In re Hashem H., supra,* 45 Cal.App.4th 1791, a section 388 petition alleged that a mother with a history of mental illness had demonstrated changed circumstances because she had regularly participated in psychotherapy, had regularly visited with the child, held a full-time job, and was ready, capable and able to provide for the child on a full-time basis. (45 Cal.App.4th at p. 1796.) The petition did not allege a change of circumstances with respect to the child. (*Ibid.*) The Court of Appeal held the petition sufficiently alleged changed circumstances to entitle the mother to an evidentiary hearing. (*Id.* at p. 1799.)

To the extent the juvenile court in this case concluded appellant had not sufficiently alleged changed circumstances, because she had failed to allege that the minors' circumstances had changed, the juvenile court erred.

Appellant also averred that a modification would promote the best interests of the minors.[2]

Thus, appellant averred that Daijah and Shawn are very strongly bonded with their siblings, who are now in appellant's custody. Therefore, she

---

[2]These facts were asserted not in the petition itself but rather in appellant's declaration under penalty of perjury attached to the petition. Keeping in mind that the petition must be liberally construed in favor of its sufficiency (*In re Jasmon O., supra,* 8 Cal.4th at p. 415), we see no conceivable prejudice to respondent from this mode of averring these facts.

asserted the best interests of Daijah and Shawn would be promoted by reunifying those minors with appellant and their siblings.[3]

The importance of maintaining siblings together as a family unit is expressly recognized in section 366.29, which facilitates postadoption sibling contact,[4] and in section 16002, subdivision (a), which provides in pertinent part: "It is the intent of the Legislature to maintain the continuity of the family unit, and ensure the preservation and strengthening of the child's family ties by ensuring that when siblings have been removed from their home, either as a group on one occurrence or individually on separate occurrences, the siblings will be placed in foster care together, unless it has been determined that placement together is not in the best interest of one or more siblings."

Because appellant's section 388 petition sufficiently alleged changed circumstances and further alleged some evidence that the best interests of the minors would be promoted by their reunification with their siblings, the trial court erred in denying her an evidentiary hearing on her section 388 petition. (See *In re Hashem H., supra,* 45 Cal.App.4th at p. 1799; *In re Jeremy W.* (1992) 3 Cal.App.4th 1407, 1416 [5 Cal.Rptr.2d 148].)

III.

*Further Thoughts*

We discern a disturbing trend whereby referees of the Sacramento County Juvenile Court have been erroneously denying parents their rights to evidentiary hearings in dependency cases. (See, e.g., *In re James Q.* (2000) 81

---

[3]Although it is immaterial to the pleading issue we consider, we note that the record contains evidence supporting appellant's claim that the minors share a bond with each other. First, the social worker's report stated that the visits Daijah and Shawn had with their siblings went well. Further, the report also noted that Daijah was "very bonded to her sister, Ashley [*sic*]." Moreover, the social worker reported that Shawn was "very bonded to his brother, Marcus."

[4]Subdivision (a) of section 366.29 states: "When a court, pursuant to Section 366.26, orders that a dependent child be placed for adoption, nothing in the adoption laws of this state shall be construed to prevent the prospective adoptive parent or parents of the child from expressing a willingness to facilitate postadoptive sibling contact. With the consent of the adoptive parent or parents, the court may include in the final adoption order provisions for the adoptive parent or parents to facilitate postadoptive sibling contact. In no event shall the continuing validity of the adoption be contingent upon the postadoptive contact, nor shall the ability of the adoptive parent or parents and the child to change residence within or outside the state be impaired by the order for contact."

Cal.App.4th 255 [96 Cal.Rptr.2d 595]; *Ingrid E. v. Superior Court* (1999) 75 Cal.App.4th 751 [89 Cal.Rptr.2d 407].)[5]

This has got to stop.

Dependency proceedings are not simply a conveyor belt leading to the termination of parental rights.

## DISPOSITION

The orders denying the section 388 petition and terminating appellant's parental rights are reversed and the matter is remanded to the juvenile court with directions to conduct an evidentiary hearing on the petition. If appellant does not prevail on her petition, then the court must conduct a new section 366.26 hearing. (*In re Jeremy W., supra,* 3 Cal.App.4th at p. 1417.)

Blease, Acting P. J., concurred. Hull, J., concurred in the result.

---

[5]In addition to these published cases, we are aware of various unpublished opinions that have reached the same result.