Filed 5/20/15  In re D.F. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re D.F. et al., Persons Coming Under the Juvenile Court Law. | C077749 |
| SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>L.F.,<br><br>        Defendant and Appellant. | (Super. Ct. No. J06151) |

1

Leticia F., mother of the minors, appeals the juvenile court's denial of her petition for modification.  (Welf. & Inst. Code, §§ 388, 395.)[1]  She contends the court erred in denying her petition without a hearing.  Disagreeing, we shall affirm.

## FACTS

In November 2012, minors D.F., age 11, Da.F., age nine, J.F., age four, and A.F., age two, were detained due to physical and emotional abuse of the older children by father and mother's failure to protect the minors from ongoing domestic violence.   The juvenile court ordered the San Joaquin County Human Services Agency (Agency) to provide services for both parents.

The status report for the 12-month review stated that mother, despite extensive therapy, was unable to objectively assess her violent relationship with father or show she could protect the minors from abuse.  The Agency recommended termination of services.

At the 12-month review hearing held in April 2014, mother's therapist testified mother had recently begun to show some insight and understanding of codependency. The therapist testified she was cautiously optimistic more therapy might help mother, depending on her motivation.  She acknowledged that it could take years for mother to separate from unhealthy relationships and success would depend on mother.  The therapist remained concerned about mother's ability to consistently set boundaries.  The juvenile court determined mother had made only limited progress, noting that her therapist was only cautiously optimistic about her ability to make further progress.  The court terminated services for both parents and adopted a plan of long-term foster care.

Five months later, in September 2014, mother filed a petition for modification seeking placement of the minors.  Mother alleged the changed circumstances that she had continued in therapy and dealt with her codependency issues.  Mother alleged the

---

[1]  Further undesignated statutory references are to the Welfare and Institutions Code.

2

proposed change was in the minors' best interests because they were bonded with her and she could protect and support them.

A letter from mother's new therapist was attached to the petition. The letter stated mother had told the new therapist she had completed prior therapy but was "unable to share" information about it. The letter explained mother was addressing her feelings, increasing her insight into thought distortions which impacted her decision-making, and identifying the symptoms of codependency and how they foster unhealthy relationships. It added that mother was learning to deal with denial issues. The new therapist observed that mother had now accepted her responsibility for not safeguarding the minors and not recognizing the signs of abuse and codependency, and displayed good insight into how the constant domestic violence in the home emotionally injured the minors. The letter recommended that mother and the minors be provided reunification services, including therapy. It did not recommend that the minors be returned to mother's home.

The Agency filed opposition to the petition for modification. The Agency acknowledged that mother had made some progress but, citing the minors' serious behavioral issues surrounding visits which had *declined* when the court reduced contact with the parents, argued that mother made no showing that the minors' best interests would be served by the proposed modification. The Agency argued the petition alleged no *facts* regarding the minors' best interests, only mother's conclusory statement that she could now protect and support the minors. The Agency argued the minors' best interests were served by a stable placement.

The juvenile court denied the petition for modification without hearing, noting that the petition did "not state new evidence or change in circumstances." The court added that, while mother had "gained insight into the underlying issues that began this case, the length and level as well as the severity of the abuse" were significant. The court found there was "little evidence to substantiate" the assertion that the minors' placement with mother was in their best interests. Mother timely appealed the order denying her petition.

## DISCUSSION

Mother asserts the juvenile court abused its discretion in denying her section 388 petition without a hearing because mother "has made important breakthroughs" in therapy and is ready to parent her children.

Section 388 provides in relevant part: "Any parent . . . may, upon grounds of change of circumstance or new evidence, petition the court in the same action in which the child was found to be a dependent child of the juvenile court . . . for a hearing to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court." (§ 388, subd. (a)(1).) The court must set a hearing if "it appears that the best interests of the child . . . may be promoted by the proposed change of order . . . ." (§ 388, subd. (d).)

A parent may bring a petition for modification based on new evidence or a showing of changed circumstances. "The parent requesting the change of order has the burden of establishing that the change is justified. [Citation.] The standard of proof is a preponderance of the evidence." (*In re Michael B.* (1992) 8 Cal.App.4th 1698, 1703.) Determination of a petition to modify is committed to the sound discretion of the juvenile court and, absent a showing of a clear abuse of discretion, the decision of the juvenile court must be upheld. (*In re Stephanie M*. (1994) 7 Cal.4th 295, 318-319; see *In re Robert L*. (1993) 21 Cal.App.4th 1057, 1067.)

The best interests of the child are of paramount consideration when the petition is brought after termination of reunification services. (*In re Stephanie M*., *supra*, 7 Cal.4th at p. 317.) In assessing the best interests of the child, the juvenile court looks not to the parent's interests in reunification but to the needs of the child for permanence and stability. (*Ibid*.; *In re Marilyn H*. (1993) 5 Cal.4th 295, 309.)

To establish the right to an evidentiary hearing, the petition must include facts which make a prima facie showing that there is a change in circumstances and that "the best interests of the child may be promoted by the proposed change of order." (*In re*

4

*Daijah T*. (2000) 83 Cal.App.4th 666, 672-673; see *In re Zachary G*. (1999) 77 Cal.App.4th 799, 806; *In re Jeremy W*. (1992) 3 Cal.App.4th 1407, 1413-1414; Cal. Rules of Court, rule 5.570(e)(1).) More than general conclusory allegations are required to make this showing even when the petition is liberally construed. (*In re Edward H*. (1996) 43 Cal.App.4th 584, 593.) "The prima facie requirement is not met unless the facts alleged, if supported by evidence . . . would sustain a favorable decision on the petition." (*In re Zachary G*., *supra*, 77 Cal.App.4th at p. 806.) Where the petitioner does not plead facts showing the proposed change is in the minor's best interests, the court can properly deny the petition for modification on that ground without holding a hearing. (*In re Daijah T*., *supra*, 83 Cal.App.4th at pp. 672-673; *In re Zachary G*., *supra*, 77 Cal.App.4th at p. 806.) "In determining whether the petition makes the necessary showing, the court may consider the entire factual and procedural history of the case." (*In re Jackson W*. (2010) 184 Cal.App.4th 247, 258.)

Mother's petition was filed only five months after a hearing in which her first therapist testified that mother was *beginning* to have some insight. The therapist was only cautiously optimistic that more therapy might help mother and remained concerned, given mother's history, as to whether mother could consistently set boundaries with father and intervene to protect the minors from him. The petition was supported by a letter from mother's current therapist, to whom mother declined to give information about her previous therapy. Based on the current therapist's work with mother, there appeared to be more progress than might have been expected from the first therapist's assessment. However, even the current therapist did not recommend returning the minors to mother, only renewed *services*. Thus although there was some showing that mother continued to improve, there was *no* showing that she was ready to parent her children. Further, mother failed to plead facts showing the requested change was in the minors' best interests. Her claim of bond and her unsupported assurance that she could now

5

protect and support the minors was not sufficient to show that return to her was in their best interests.

The allegations contained in the petition and attached letter did not establish a prima facie showing of changed circumstances or best interests. Accordingly, the juvenile court did not abuse its discretion in denying the petition without a hearing.

## DISPOSITION

The order of the juvenile court is affirmed.


                     DUARTE         , J.


We concur:


RAYE         , P. J.


HOCH         , J.

6