Filed 10/28/15  In re A.R. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re A.R., a Person Coming Under the Juvenile Court Law. | C077907 |
| SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY, | (Super. Ct. No. J06267) |
| Plaintiff and Respondent, | |
| v. | |
| E.J., | |
| Defendant and Appellant. | |

Mother appeals from the order of the juvenile court denying her petition for modification.  (Welf. & Inst. Code, §§ 388, 395.)[1]  She contends the juvenile court

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

abused its discretion in summarily denying her petition without a hearing. Because mother made a prima facie showing, we shall reverse and order the juvenile court to hold a hearing on her petition.

## I. BACKGROUND

Minor A.R. was born in April 2012. Although she was full term, she weighed less than four pounds at birth, had placenta previa, and was born with symptoms of fetal alcohol syndrome. Mother admitted drinking alcohol during her pregnancy. For three months after the minor's birth, mother agreed to participate in voluntary family maintenance. Thereafter, the case was closed.

On March 28, 2013, eight months after voluntary services were closed, the minor was taken into protective custody. Mother had been intoxicated, unable to maintain her balance, and dropped the minor twice to the ground, causing the minor to sustain injury to her head. Mother was charged with public intoxication and felony child abuse.

On April 2, 2013, the San Joaquin County Human Services Agency (the Agency) filed a section 300 petition on behalf of the minor. In addition to allegations relating to the March 28, 2013, incident, the petition alleged that mother had an extensive history of substance abuse, primarily alcohol, which had resulted in the removal and termination of services for three of the minor's half siblings, and the termination of parental rights to a fourth half sibling.

Mother had 22 prior referrals with Child Protective Services in multiple counties. The referrals related, in large part, to mother's longstanding history of substance abuse, which resulted in: (1) substantiated allegations of caretaker incapacity in 1997; (2) the minor's second-oldest half sibling being born drug exposed in 2000; (3) a driving-under-the-influence accident with one of her children in the car in 2009; (4) a drunken physical altercation in the presence of her children in 2012; and (5) a drunken physical assault upon her 14-year-old niece in 2012.

2

The juvenile court sustained the allegations in the petition and, on June 25, 2013, mother was ordered to attend dependency drug court. Mother, who had been incarcerated since the minor was placed into protective custody, was released from incarceration on July 19, 2013. She was placed on probation and ordered to attend a 52-week parenting program to address child abuse/endangerment and a residential drug/alcohol treatment program. There was a criminal protective order in effect, so mother was not visiting the minor.

On August 8, 2013, the Agency filed a disposition report recommending mother be bypassed for reunification services pursuant to section 361.5, subdivision (b)(10) [termination of reunification services with half siblings], and (11) [termination of parental rights for half siblings], as she had failed to make reasonable efforts to treat her ongoing and long history of substance abuse.

The disposition hearing commenced on November 4, 2013. Mother testified regarding her previous efforts in treatment programs and her relapses. She also testified that she was participating in dependency drug court and in the New Directions Drug Treatment Program. She was scheduled to complete the six-month residential portion of New Directions on January 24, 2014, and had completed all of the required classes for the program. She had begun taking the 52-week parenting program and would be getting her completion certificate for a different parenting program that week. She was drug testing and had an Alcoholics Anonymous (AA) sponsor.

At the hearing, the juvenile court inquired about the evidence that mother had failed to complete a drug/alcohol treatment program in 2012 in connection with a criminal conviction. The disposition hearing was continued to allow for additional evidence as to whether that program was court ordered or undertaken voluntarily by mother. The juvenile court also authorized mother to begin supervised visitation, once per week, to commence after she got the criminal protective order lifted.

3

On December 2, 2013, the Agency requested mother also be bypassed for services pursuant to section 361.5, subdivision (b)(13) [resisted prior court-ordered treatment]. At the continued disposition hearing on December 12, 2013, the juvenile court had been provided a copy of earlier dependency proceedings with respect to the minor's half siblings and a copy of the criminal proceedings from 2012, to establish the elements of the bypass provisions. The juvenile court noted that it appeared the 2012 treatment program had been court ordered, and continued the matter to allow mother to formally address the issue. Mother had been visiting the minor weekly and requested an increase in visitation to two visits per week. The court declined to order an increase in visitation unless, and until, it made a determination on the petition to bypass mother for services.

Subsequently, on February 6, 2014, the juvenile court declared the minor a dependent child of the court and denied mother reunification services pursuant to section 361.5, subdivision (b)(10) and (11).[2]

On April 22, 2014, mother filed a section 388 petition for modification of the February 6, 2014, order denying her reunification services. In it, she alleged that new information showed she was bonded to the minor, was committed to maintaining her sobriety, had made progress to demonstrate she could provide the minor a safe home, and that reunification services would provide the minor an opportunity to return to her custody. The Agency and minor opposed the petition.

The juvenile court summarily denied mother's petition stating there was no prima facie evidence to support the statements of changed circumstance, and that, at best, the circumstances were changing. It also noted that some of the evidence was the same as it

---

[2] The written order prepared by the Agency and signed by the juvenile court listed only section 361.5, subdivision (b)(10) and (11), but the juvenile court made it clear in its oral disposition that section 361.5, subdivision (b)(13) was applicable as well.

had been at the time of bypassing services, and further found there was no showing that granting the request was in the minor's best interests.

On October 2, 2014, appellant filed a second petition for modification, seeking modification of the February 6, 2014, disposition order. We incorporate the allegations in support of the petition into our discussion of mother's contention on appeal but, generally, she again contended that new information showed she was bonded to the minor, was committed to maintaining her sobriety, had completed services, and had resolved the issues that brought her before the court. Unlike the previous petition for modification, mother did not seek reunification services. Instead, mother stated she was ready to have the minor placed in her custody and sought return of the minor. The Agency opposed the petition.

On November 12, 2014, the juvenile court summarily denied mother's petition. The juvenile court explained its decision as follows: "The Court previously denied a [section] 388 [petition] as indicated, mother was in the process. And I know mother has completed drug court, but she completed previous program[s] before, too. And for the Court to think just from that perspective that a few months will be a permanent position in the history is very difficult for this Court to take that perspective, that's why." The juvenile court went on to explain that the child seemed to be a very happy child, who would be willing to "go" with anyone, so mother's proffered evidence of positive visitations did not provide enough of a basis for the court to determine the change would be in the best interests of the child. Accordingly, the juvenile court found mother had not made the requisite prima facie showing to entitle her to a hearing.

## II. DISCUSSION

Mother contends that the juvenile court erroneously denied her petition for modification without a hearing. We agree.

5

A parent may bring a petition for modification of any order of the juvenile court pursuant to section 388 based on new evidence or a showing of changed circumstances.**³** The petition for modification must include facts showing a change in circumstances and that "the best interests of the child may be promoted by the proposed change of order." (*In re Daijah T.* (2000) 83 Cal.App.4th 666, 672.)

In considering a petition for modification, the juvenile court's first task is to determine whether there is a right to an evidentiary hearing or whether the petition may be denied without a hearing. (*In re Jeremy W.* (1992) 3 Cal.App.4th 1407, 1414; Cal. Rules of Court, rule 5.570(d).) To establish the right to an evidentiary hearing, the petition must include facts that make a prima facie showing of a change in circumstances and must also include facts showing that "the best interests of the child may be promoted by the proposed change of order." (*In re Daijah T., supra,* 83 Cal.App.4th at pp. 672-673; see also *In re Zachary G.* (1999) 77 Cal.App.4th 799, 806.) When, as here, the petition for modification is brought after termination or bypass of reunification services, the best interests of the child are the paramount consideration. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 317.) In assessing the best interests of the child, the juvenile court looks to the needs of the child for permanence and stability. (*Ibid.*)

A prima facie showing is made when the facts alleged, if supported by evidence, would sustain a favorable decision on the petition. (*In re Zachary G., supra*, 77 Cal.App.4th at p. 806.) A petition is liberally construed in favor of its

---

**³** Section 388 provides, in part: "Any parent . . . may, upon grounds of change of circumstance or new evidence, petition the court in the same action in which the child was found to be a dependent child of the juvenile court . . . for a hearing to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court." (§ 388, subd. (a)(1).) "If it appears that the best interests of the child . . . may be promoted by the proposed change of order, . . . recognition of a sibling relationship, [or] termination of jurisdiction, . . . the court shall order that a hearing be held . . . ." (§ 388, subd. (d).)

sufficiency and a hearing may be denied only if the application fails to reveal a change of circumstance or new evidence which might require a change of order to promote the best interests of the child. (*In re Jeremy W, supra*, 3 Cal.App.4th at pp. 1413-1414.) It is only in this limited context the court may deny the petition ex parte. (*Ibid.*)

We review the juvenile court's summary denial of a section 388 petition for abuse of discretion. (*In re Jeremy W., supra,* 3 Cal.App.4th at p. 1413; see also *In re Josiah S.* (2002) 102 Cal.App.4th 403, 419 [hence, if two inferences may be deduced from the facts, we do not substitute our decision for that of the juvenile court's]; see also *In re Angel B.* (2002) 97 Cal.App.4th 454, 460.)

Mother was bypassed for services because she had failed to make a reasonable effort to treat her drug/alcohol abuse after failing to reunify with, and losing parental rights to, the minor's half siblings. She has a long history of extensive drug and alcohol abuse, had previously resisted court-ordered treatment, and had been engaging in a cycle of treatment, recovery, and relapse. Mother began her current effort at treatment and recovery prior to the juvenile court's February 6, 2014, order bypassing services. She began the residential portion of the New Directions Drug Treatment Program and the dependency drug court in July 2013, and completed the residential program on January 24, 2014. She also began attending AA. Mother had also completed a parenting course at the women's center, and had begun a 52-week parenting class at the time the juvenile court ordered she be bypassed for services.

Mother's petition for modification alleged that, since the bypass of services, mother had completed the aftercare portion of the New Directions Drug Treatment Program. She had also graduated from the dependency drug court. She had been staying active in the program, as well as in AA and church, and continued to see her AA sponsor. She had completed the 52-week parenting class and a domestic violence program. She had also completed individual counseling. She was maintaining a stable residence and doing volunteer community service with Sunnyside Community Services. Mother also

7

alleged, and provided evidence, that she had maintained regular visitation and had a strong, familial bond with the minor.

In support of her petition, mother proffered evidence that her community counseling facilitator reported she had grown spiritually and emotionally, and had a genuine willingness to continue on her road to recovery. Her AA sponsor reported that mother was doing her program "full heartedly." Mother's individual counselor reported that mother was "[m]otivated and determined to do better." The dependency drug court compliance officer reported that mother had fully complied with the program, consistently tested negative for drugs and alcohol, demonstrated a substantial change from her previous lifestyle, had safe housing, and has a strong support system. The officer believed mother would continue to succeed in her recovery. Mother also provided visitation reports and video recordings of visitations.

The allegations in the petition were sufficient to warrant a hearing. It appears that the juvenile court concluded that the allegations in the petition showed that mother's circumstances were still changing, not changed, and that it would therefore not be in the minor's best interests to grant the petition. The court's comments reveal that this conclusion was based on the premise that mother had completed programs before and, based on her history, "a few months" did not establish this sobriety was a "permanent" condition. But the petition alleges mother's period of recovery and sobriety was *far longer* than "a few months." The petition alleged that mother's sobriety commenced in July 2013—almost a year and a half earlier. While the Agency argues mother has had cycles of sobriety, followed by relapse, they provide no citation to show that mother has enjoyed a period of sobriety lasting as long as alleged here, which was then followed by relapse. Denying mother a hearing based on the premise that her "few months" of sobriety established only changing circumstances, or failed to demonstrate she was able to provide permanence and stability, was an abuse of discretion because the petition contradicts these findings.

8

In determining a child's best interests under section 388, the juvenile court must evaluate a number of factors, including the seriousness of the reason for the dependency action, the relative strength of the bonds between parent and child and caretaker and child, and the nature of the changed circumstances. (*In re Kimberly F.* (1997) 56 Cal.App.4th 519, 530-532.) The juvenile court does not simply compare the situation of the natural parent with that of a caretaker. (*Id*. at p. 529.)

Mother certainly has a serious and long-standing history of alcohol abuse. But mother alleged she has been committed to recovery and sobriety since July 2013. She alleged she has visited regularly and maintained a strong, parental bond with the minor, who had been in mother's care for the first year of her young life. And mother was not seeking reunification services in order to assess whether she might be able to reunify with the minor at some future point. Instead, she was requesting return of the minor to her custody, alleging she had essentially ameliorated the problem which led to the dependency.

Mother's petition alleges that she has been committed to maintaining sobriety since July 2013 and she is now able to provide the minor with permanence and stability. By alleging nearly a year and a half of sobriety, mother's petition made a prima facie showing of a change of circumstances or new evidence. The allegations in the petition also make a prima facie showing that the requested modification is in the best interests of the minor. Specifically, mother's petition contains allegations that address each of the factors for determining the best interests of the child set forth in *In re Kimberly F., supra*, 56 Cal.App.4th at p. 532. Given the allegations in the petition, it was error to deny mother a hearing.

### III. DISPOSITION

The juvenile court's order summarily denying mother's petition for modification is reversed. The juvenile court is ordered to hold a Welfare and Institutions Code section 388 hearing on mother's petition within 30 days of the issuance of our remitter. If, as a

9

result of the hearing, the minor is returned to mother's custody, the parties are ordered to notify this court within 10 days by filing a certified copy of the juvenile court's order and requesting this court vacate the order terminating parental rights.[4]

/S/
_____
RENNER, J.

We concur:

/S/
_____
HULL, Acting P. J.

/S/
_____
MAURO, J.

_____

[4] On our own motion, we take judicial notice of the order terminating mother's parental rights, entered on February 6, 2015, and filed on February 25, 2015, which is the subject of appeal, and is contained in appellate court file, in case No. C078891. (Evid. Code, §§ 452, 459.) We note that a reviewing court normally should give the parties to an appeal an opportunity to comment on the propriety of judicial notice and the tenor of the matter to be noticed on the reviewing court's own motion, if the matter is of substantial consequence to the appellate opinion. (Evid. Code, §§ 452, subd. (d) [judicial notice of court records], 459, subd. (c) [reviewing court may take judicial notice but must give parties opportunity to comment under Evidence Code section 455 if the matter is of substantial consequence].) The validity of taking judicial notice of the order in our record on appeal in case No. C078891 appears self-evident. However, if the parties are aggrieved by this judicial notice, we will entertain a motion for rehearing in order to give them an opportunity to address the matter before the decision becomes final. (Evid. Code, § 459, subd. (d).)

10