[No. C063087. Third Dist. Sept. 2, 2010.]

In re H.S. et al., Persons Coming Under the Juvenile Court Law.
SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN
SERVICES, Plaintiff and Respondent, v.
C.S., Defendant and Appellant.

## COUNSEL

Law Office of Frank E. Dougherty and Frank E. Dougherty for Defendant and Appellant.

Robert A. Ryan, Jr., County Counsel, and Michelle Ben-Hur, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**SCOTLAND, P. J.**—C.S. (appellant), the father of H.S. and S.S. (the minors), appeals from the denial of his petition to modify prior orders of the juvenile court adjudicating the minors to be dependent children and removing them from parental custody. (Welf. & Inst. Code, §§ 388, 395.)

The question posed is whether the belated submission of an expert's opinion, formed based on evidence that was available at the jurisdiction hearing, constitutes "new evidence" within the meaning of Welfare and Institutions Code section 388, subdivision (a), which allows an order of the juvenile court to be modified or set aside "upon grounds of change of circumstances or new evidence" (further section references are to the Welfare and Institutions Code unless otherwise specified). The answer is "no."

As we will explain, the term "new evidence" in section 388 means material evidence that, with due diligence, the party could not have presented at the dependency proceeding at which the order, sought to be modified or set aside, was entered. Here, appellant's section 388 motion relied on an expert opinion that was based not on any new evidence, but on the same evidence available

to the experts who testified at trial. The new expert simply came to a different conclusion that, with due diligence, could have been presented at the jurisdiction hearing. To allow this belated new opinion evidence to support a section 388 motion would be contrary to the public policy calling for promptness and finality of juvenile dependency proceedings in order to protect the best interests of the child.

## FACTS AND PROCEDURAL BACKGROUND

Two-month-old H.S. and one-year-old S.S. were taken into protective custody after a hospital examination revealed that H.S. had nonaccidental injuries, including a broken arm and a subdural hematoma. Neither parent had an adequate explanation of how H.S. suffered the injury, although they suggested that S.S. might have been responsible for the broken arm. Subsequent investigation disclosed that H.S. also had a fractured rib, which was healing, and had bruises on her back dating from about the same time as the rib fracture. A medical assessment concluded that the fractures were deliberately inflicted. Unable to explain the additional injuries, the parents gave multiple, conflicting conjectures as to the causes.

The Sacramento County Department of Health and Human Services (DHHS) filed petitions alleging the minors were at risk of suffering serious physical harm inflicted nonaccidentally by a parent or as a result of a parent's failure to adequately protect them. Concluding that services would not benefit the parents, who were not positively bonded to the minors and did not take responsibility for H.S.'s injuries, DHHS recommended the denial of reunification services.

Following a contested jurisdiction hearing that included conflicting testimony and extensive medical records and reports, the juvenile court found that the rib fracture, with attendant bruising, and the arm fracture constituted serious physical injury to H.S. The court sustained the amended dependency petitions as to both minors. Pending the disposition hearing, the parents participated in services but continued to deny responsibility for the injuries to H.S.—instead offering explanations that shifted blame to others.

At the conclusion of the contested disposition hearing, the court denied reunification services, finding the parents had not established that reunification was in the minors' best interests.

Three months later, appellant filed a section 388 petition, seeking to have the jurisdictional findings vacated, the dependency petition dismissed, and the minors returned home. The petition was based on purported new evidence, an opinion by Mohammed Al-Bayati, Ph.D., regarding the cause of H.S.'s

injuries. Having analyzed the original medical records and reports, this new expert opined that there were explanations other than abuse. His opinion conflicted with the expert opinions presented at the jurisdiction hearing by both Kevin Coulter, M.D., the physician in charge of the pediatric ward of the University of California, Davis, Medical Center, and appellant's own expert, Angela Rosas, M.D., also a pediatrician.

Ruling the belated opinion of appellant's new expert was not new evidence, the juvenile court denied the section 388 petition without holding an evidentiary hearing. The court reasoned that the new expert's opinion was based on evidence available at the jurisdiction and disposition hearings; thus, appellant failed to meet his burden to obtain an evidentiary hearing because there was no new evidence that was unavailable at the jurisdiction hearing.

## DISCUSSION

Appellant claims the juvenile court was required to liberally construe the section 388 motion in favor of its sufficiency and thus conclude that, although the new expert based his opinion on matter that was available at the jurisdiction hearing, the opinion was nonetheless "new evidence" because the new expert's assessment of the data had not been previously presented to the juvenile court. We are not persuaded.

Section 388, subdivision (a) states in pertinent part: "Any parent or other person having an interest in a child who is a dependent child of the juvenile court . . . may, upon grounds of change of circumstance or *new evidence*, petition the court in the same action in which the child was found to be a dependent child of the juvenile court . . . for a hearing to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court." (Italics added.) Subdivision (d) of section 388 states in pertinent part: "If it appears that the best interests of the child may be promoted by the proposed change of order, . . . the court shall order that a hearing be held . . . ."

The section does not define its use of the term "new evidence," and we have found no judicial decision that does so.

■ The provisions of other statutory schemes generally do not apply to dependency law. (*In re Jennifer R.* (1993) 14 Cal.App.4th 704, 711 [17 Cal.Rptr.2d 759].) "However, in the absence of a dispositive provision in the Welfare and Institutions Code, we may look to [the Code of Civil Procedure] for guidance." (*In re Josiah Z.* (2005) 36 Cal.4th 664, 679 [31 Cal.Rptr.3d 472, 115 P.3d 1133].)

■ Code of Civil Procedure section 1008, subdivision (a) provides that a party affected by a prior court order may, "based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order." (Code Civ. Proc., § 1008, subd. (a).) Similarly, Code of Civil Procedure section 657, subdivision 4 provides that a party may move for a new trial on a showing that there is "[n]ewly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial."[1]

Despite differences in the wording of these two sections of the Code of Civil Procedure, both require the moving party to " 'provide not only new evidence *but also a satisfactory explanation for the failure to produce that evidence at an earlier time. In short, the moving party's burden [in a section 1008 motion for reconsideration] is the same as that of a party seeking [a] new trial on the ground of "newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial."* (Code Civ. Proc., § 657, subd. 4.)' ([Citation], italics added.)" (*Baldwin v. Home Savings of America* (1997) 59 Cal.App.4th 1192, 1198 [69 Cal.Rptr.2d 592], quoting *Blue Mountain Development Co. v. Carville* (1982) 132 Cal.App.3d 1005, 1013 [183 Cal.Rptr. 594].)

■ Underlying these requirements for motions for reconsideration or a new trial is this: " 'Public policy requires that pressure be brought upon litigants to use great care in preparing cases for trial and in ascertaining all the facts. . . .' [Citation.]" (*Kulchar v. Kulchar* (1969) 1 Cal.3d 467, 472 [82 Cal.Rptr. 489, 462 P.2d 17]; see *Baldwin v. Home Savings of America, supra*, 59 Cal.App.4th at p. 1198.) A rule that would allow the reopening of cases previously decided, simply because a party identifies evidence that it could have presented at trial, but did not, " 'would in a large measure vitiate the effects of the rules of res judicata.' [Citation.]" (*Kulchar v. Kulchar, supra*, 1 Cal.3d at p. 472.)

This public policy applies even more forcefully to dependency cases, where delay is antithetical to the primary focus of dependency proceedings, the best interests of the child. (*In re Marilyn H.* (1993) 5 Cal.4th 295, 308 [19 Cal.Rptr.2d 544, 851 P.2d 826].) Accordingly, the term "new evidence" in section 388 must be construed to include the three requirements of new

---

[1] This provision in Code of Civil Procedure section 657, subdivision 4 is similar to that in Penal Code section 1181, subdivision 8, which provides that a new trial motion in a criminal case may be granted "[w]hen new evidence is discovered material to the defendant, and which he could not, with reasonable diligence, have discovered and produced at the trial." (Pen. Code, § 1181, subd. 8.)

evidence, reasonable diligence, and materiality found in sections 657 and 1008 of the Code of Civil Procedure.

Here, appellant's section 388 motion relied on the new expert's opinion that is based on old evidence available at the time of trial. With due diligence, appellant could have presented Dr. Al-Bayati's opinion testimony at trial. The fact that the new expert interprets the evidence differently than did the medical doctors who testified at the jurisdiction hearing (and thus, as appellant asserts, the "data" on which Dr. Al-Bayati relies "was never pointed out, argued, or interpreted by the [juvenile] court") does not make his expert opinion "new evidence" within the meaning of section 388.

Contrary to appellant's claim, his belated presentation of the expert opinion of Dr. Al-Bayati was unlike the "new evidence" presented in *Andersen v. Howland* (1970) 3 Cal.App.3d 380 [83 Cal.Rptr. 308], which involved a whiplash injury from an automobile accident. (*Id.* at p. 382.) There, a radiologist testified at trial based on certain X-rays "testified to by [the plaintiff's treating physician]." (*Ibid.*) Just before he testified, the radiologist discovered evidence of a previously undiagnosed fracture of a vertebra, but did not make this known because, not having treated the plaintiff, the radiologist felt that he was not qualified to explain the significance of the fracture. When the discovery was made known to him, the treating physician obtained additional X-rays that led him to reach a new opinion regarding the long-term consequences of the injury. (*Id.* at pp. 382–383.) The appellate court concluded that the new opinion, formed after the treating physician had obtained additional X-rays and consulted with the radiologist, constituted new evidence for a new trial motion. (*Id.* at p. 384.)

In contrast, Dr. Al-Bayati's expert opinion at issue in this juvenile dependency proceeding was not based on additional facts obtained after the dependency trial was completed. He reached his opinion based on the *same evidence available to the experts who testified at trial* and simply came to a different conclusion than theirs.

■    In light of the public policy quoted in *Kulchar v. Kulchar, supra,* 1 Cal.3d at page 472, and the need for prompt resolution and finality of juvenile dependency proceedings in order to protect the best interests of the child, we conclude the belated opinion of an expert based on evidence previously known at the time of trial is not "new evidence" within the meaning of section 388. Accordingly, the juvenile court did not abuse its discretion (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318–319 [27 Cal.Rptr.2d 595, 867 P.2d 706]) in ruling that appellant was not entitled to an evidentiary hearing on his section 388 petition because he did not carry his burden of making a prima facie showing of "new evidence" to support a finding that

"the best interests of the child may be promoted by the proposed change of order." (*In re Daijah T.* (2000) 83 Cal.App.4th 666, 672 [99 Cal.Rptr.2d 904]; see *In re Michael B.* (1992) 8 Cal.App.4th 1698, 1703 [11 Cal.Rptr.2d 290].)

## DISPOSITION

The orders of the juvenile court are affirmed.

Robie, J., and Cantil-Sakauye, J., concurred.

A petition for a rehearing was denied September 21, 2010, and appellant's petition for review by the Supreme Court was denied November 17, 2010, S187175.