Filed 8/30/13  Audry H. v. Superior Court CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| AUDREY H., | B249266 |
| Petitioner, | (Super. Ct. No. CK79875) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING.  Extraordinary Writ Petition.  Jacqueline H. Lewis, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Petition Denied.

Children's Law Center, Patricia G. Bell and John Kim for Petitioner.

No appearance for Respondent.

John F. Krattli, County Counsel, James M. Owens, Assistant County Counsel and Kim Nemoy, Deputy County Counsel for Real Party in Interest.

The child, Audrey H., has filed a mandate petition challenging the order terminating reunification services and setting the matter for a parental termination rights hearing. The mother, Cynthia M., has filed a joinder in the child's writ petition. We deny the petition and joinder.

First, the Department of Children and Family Services (the department) argues that the child has forfeited any contention by not objecting to the juvenile court's order terminating reunification services. Nor did the child's counsel ever object to the juvenile court's analysis as to why reunification services should be terminated. We agree with the department--the child has forfeited all of her contentions. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293-1294; *In re Christiana L.* (1992) 3 Cal.App.4th 404, 416.)

Second, we review the order terminating reunification services for substantial evidence. The juvenile court must order placement of child with the parent unless the youngster's return would create a substantial risk of detriment. (Welf. & Inst. Code, § 366.22, subd. (a); *Constance K. v. Superior Court* (1998) 61 Cal.App.4th 689 703-704.) We review dependency determinations for substantial evidence. (*In re Shelley J.* (1998) 68 Cal.App.4th 322, 329; *In re Amy M.* (1991) 232 Cal.App.3d 849, 859-860.) We view the evidence in a light most favorable to the respondent court's findings. (*Mark N. v. Superior Court* (1998) 60 Cal.App.4th 996, 1010; *In re Misako R.* (1991) 2 Cal.App.4th 538, 545.) The primary focus of dependency proceedings is the child's best interests. (*In re Jasmon O.* (1994) 8 Cal.4th 398, 425-426; *In re H.S.* (2010) 188 Cal.App.4th 103, 108-109.)

Substantial evidence supports the May 7, 2013 express and implied detriment findings of the juvenile court in deciding to terminate reunification services: when initially detained, the child was only one year old; the child had been subject to dependency jurisdiction nearly four years; after several years of various placements, the child had been placed with the foster parents on August 16, 2012; since then, the child had experienced, for the first time, a loving, nurturing and permanent home; while in the foster home, the child had made "tremendous strides"; a therapist indicated the child became fearful when foster parents were not present; the foster parents had been

2

approved for adoption; despite having received 24 months of reunification services, the mother had been unable to find suitable housing; only on the eve of the scheduled hearing concerning the termination of reunification services did the mother moved into a suitable apartment; the mother continued to refuse to allow the adults in the household or who would have contact with the child to be live-scanned; the mother during visits had failed to properly monitor conversations between the child and the paternal grandmother; this caused the child unnecessary sadness and pain; and the mother had violated court orders concerning contact between the child and the paternal grandmother.

According to the child's therapist, Gwendolyn Tyson: "[The child] presented with anxious symptoms such as feeling fearful and worried about her future, nightmares, nail biting, some bed wetting, fear of water, poor social and academic skills." . . . [¶]] . . . During the course of [treatment], [the child] has beg[u]n to process traumatic events experienced while living in multiple places. She is learning relaxation techniques to decrease fears and anxieties experienced during that time. Since attending school she is learning social skills and shown improvement in academic learning. . . ." [¶] [The child] is eager to begin sessions and has responded well to all interventions during the course of treatment. According to [the foster mother], she no longer experiences nightmares or poor sleeping patterns. Her fears of separating from [the foster mother] have decreased as a result of consistency and structure. It is reported that anxiety and behaviors increase before and after visits with biological mother." In terms of the importance of the child's current placement with the foster parents, Drs. Joseph Turner and Julia Esqueda Arteaga, after identifying significant risks to the youngster's emotional well-being, concluded: "It is important that [the child] have a sense of normalcy and consistency at this time to help him feel that her future is more stable and that [s]he lives in an environment that will allow her to flourish and continue to develop." The foregoing constitutes substantial evidence of the substantial risk of detriment specified in Welfare and Institutions Code, section 366.26, subdivision (a). There is no merit to the contention that the juvenile court applied some other improper standard to the determination to terminate reunification services.

The petition and joinder are denied.  This opinion is final forthwith.  (Cal. Rules of Court, rule 8.490(b)(3).)

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


KRIEGLER, J.


KUMAR, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.