Filed 3/16/21  In re D.M. CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re D.M., A Person Coming Under the Juvenile Court Law. | |
| CONTRA COSTA COUNTY CHILDREN AND FAMILY SERVICES BUREAU, et al., | A158579 |
| Plaintiffs and Respondents, | (Contra Costa County Super. Ct. No. J18-01001) |
| v. | |
| Y.M., | |
| Defendant and Appellant | |

### MEMORANDUM OPINION[1]

Y.M., the mother of D.M., appeals from an order of the juvenile court granting de facto parent status to M.V., a foster parent.  Y.M. contends on appeal that the court's decision to grant de facto parent status during the family reunification period violated her constitutional right to maintain a relationship with her child by adding an adversary with competing parental interests while she was pursuing reunification.  We dismiss the appeal as moot.

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

1

During the pendency of this appeal, the Contra Costa County Children and Family Services Bureau forwarded to this court a copy of a February 5, 2021, order of the juvenile court rescinding its grant of de facto parent status to M.V. The order states that de facto parent status is no longer appropriate because "the minor has been returned to his Mother under family maintenance." As a result, this court provided the parties with an opportunity to file supplemental briefs addressing the question of mootness.

Because it is no longer possible for this court to grant Y.M. any effectual relief, this appeal is moot. (See *People v. DeLeon* (2017) 3 Cal.5th 640, 645.) Although Y.M. asserts we should exercise our discretion to decide the merits of this appeal because it raises a question of public interest and is capable of repetition yet evades review, we decline to do so. She has not persuaded us that such a challenge to an order granting de facto parent status evades appellate review. (See, e.g. *In re D.R.* (2010) 185 Cal.App.4th 852, 860-865 [affirming orders granting de facto parent status and denying agency's motion to terminate de facto parent status]; *In re Leticia S.* (2001) 92 Cal.App.4th 378, 384 [reversing grant of de facto parent status].) Y.M. asserts that appellate review is not possible in cases like hers, in which the reunification period terminates because reunification is successful. However, in such cases, the parent has not suffered an injury from the granting of de facto parent status to another individual. In contrast, we see no reason why a parent whose efforts at reunification are unsuccessful may not continue to pursue an appeal of an order granting de facto parent status, asserting (as Y.M. contended would happen

2

here) that the order caused prejudice by undermining reunification efforts.

## DISPOSITION

The appeal is dismissed.  The parties shall bear their own costs on appeal.

_____

BURNS, J.

We concur:

_____

SIMONS, ACTING P.J.

_____

NEEDHAM, J.

A158579

4