Filed 6/30/21  In re J.S. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re J.S., a Person Coming Under the Juvenile Court Law. | C093073 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES, | (Super. Ct. No. JD237377) |
| Plaintiff and Respondent, | |
| v. | |
| K.W., | |
| Defendant and Appellant. | |

Appellant, who is the maternal grandmother of the minor, appeals from the juvenile court's order denying, without a hearing, her petition to modify a previous order and her request for de facto parent status.  (Welf. & Inst. Code, §§ 388, 395.)[1]  We will affirm the juvenile court's orders.

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

# BACKGROUND

We have received only 41 pages of clerk's transcript as the record on appeal; no reporter's transcript was provided. Accordingly, our background statement is taken primarily from the juvenile court's November 2, 2020 order denying appellant's fourth section 388 petition.

The minor was placed in his current home in 2018. In February 2019, the juvenile court held a trial to address the appropriateness of placement of the minor and his three siblings in the care of appellant. Following the presentation of evidence and arguments by counsel, the court found appellant's home was appropriate for the minor's three siblings. However, the court made specific findings pursuant to section 361.3 that placement of the minor in appellant's home was not in the minor's best interest. "At that time, it was anticipated [appellant] was going to receive resource family approval for UP TO 3 children in her home. [The minor] had been diagnosed [presumably with 'some learning disabilities and behavioral issues'] as far back as 2017, and had extensive services provided while [he] was in the care of [appellant]. The Court received evidence [the minor] was subject to name calling and possible verbal abuse by [appellant] when he was placed in her care. The evidence showed [appellant] was very strict and critical of the children, and caring for all four children together was not a good long term alternative for all these children. That combined with the evidence that [the minor's] current placement was very positive, with the [minor] appearing more peaceful and calm than when with [appellant], was doing an excellent job in meeting [the minor's] special needs, along with the [minor's] stated wishes and the opinion of the [minor's] therapist that the current caregiver's style of parenting is a good match for him, resulted in the court denying placement of [the minor] with [appellant]."

On February 20, 2019, appellant filed her first section 388 petition requesting that the minor be placed in her home. The juvenile court denied the petition, finding it failed

2

to show a change in circumstances, include new evidence, or show that the best interests of the minor would be served by modifying the previous order denying placement.

On March 12, 2019, appellant filed her second section 388 petition again seeking to have the minor placed in her home. On March 25, 2019, the juvenile court denied the request, again noting "there was no new evidence, change of circumstances or best interest analysis." In late March 2019, the court appointed the minor a legal guardian, terminated dependency jurisdiction, and ordered visitation between the minor and his mother.

In February 2020, the minor's guardian filed a section 388 petition seeking modification of the permanent plan to adoption. The hearing on the guardian's petition was delayed until June 2020 due to the Covid-19 pandemic. During the delay, on April 30, 2020, appellant filed her third section 388 petition, once again seeking placement of the minor in her home. The juvenile court denied appellant's petition that same day noting "there was no change in circumstances, no new evidence, and nothing to prove the best interest of [the minor] would be met by the proposed order." On April 30, 2020, appellant also filed a request for de facto parent status, which was summarily denied by the court.

On October 23, 2020, appellant filed her fourth section 388 petition requesting the court to (1) order placement of the minor in her home or, alternatively, frequent and continuous visitation and contact between the minor and appellant and his three siblings, and (2) grant "each request made in the sibling relationship requests filed concurrently herewith." Appellant also filed another request for de facto parent status.

On November 2, 2020, the juvenile court denied the section 388 petition without a hearing, finding: "The new evidence [appellant] presents is her opinion the 'foster parent' does not support [the minor's] ties to his biological family. Even liberally construed, this falls far short of the amount and type of evidence needed to support a hearing to consider moving [the minor] from the home of his legal guardians. That portion of the modification request is denied as it fails to provide sufficient evidence that the best

3

interest of [the minor] would be met. [¶] The modification request further seeks a specific order for grandparental visitation. However, there is no legal authority provided to support the request that would allow the court to order a legal guardian to facilitate visits with a grandparent. Therefore, that portion of the modification request is denied without prejudice to allow [appellant] to provide such legal authority. [¶] Finally, the modification requests the court grant each request made in the sibling relationship requests filed concurrently. The court will rule on the sibling requests on their own merits, and this portion of the request is also denied."

The juvenile court also summarily denied appellant's new request for de facto parent status. Appellant timely appeals from those orders.

## DISCUSSION

### I

#### *Denial of Section 388 Petition*

Appellant contends the juvenile court abused its discretion in denying her fourth section 388 petition without a hearing. She claims the petition showed both a change in circumstances and that the requested modification would be in the minor's best interests. We disagree.

A petition to change or modify a juvenile court order under section 388 must factually allege that there are changed circumstances or new evidence to justify the requested order, and that the requested order would serve the minor's best interests. (*In re Daijah T.* (2000) 83 Cal.App.4th 666, 672.) The petitioner has the burden of proof on both points by a preponderance of the evidence. (Cal. Rules of Court, rule 5.570(h)(1)(D).)[2] In assessing the petition, the court may consider the entire history of the case. (*In re Justice P.* (2004) 123 Cal.App.4th 181, 189.)

---

[2] Undesignated rule references are to the California Rules of Court.

The child's best interests are not to further delay permanency and stability in favor of rewarding the parent for his or her hard work and efforts to reunify. (*In re J.C.* (2014) 226 Cal.App.4th 503, 527.) "A petition which alleges merely changing circumstances and would mean delaying the selection of a permanent home for a child to see if a parent, who has repeatedly failed to reunify with the child, might be able to reunify at some future point, does not promote stability for the child or the child's best interests." (*In re Casey D.* (1999) 70 Cal.App.4th 38, 47, disapproved on other grounds in *In re Caden C.* (2021) 11 Cal.5th 614, 636, fn. 5.) The petition must be liberally construed in favor of its sufficiency. (Rule 5.570(a).) Nonetheless, if the juvenile court finds that even so construed the petition fails to make a prima facie case of changed circumstances and best interests under section 388, the court may deny the petition without an evidentiary hearing. (*In re Justice P., supra*, 123 Cal.App.4th at p. 189; *In re Jeremy W.* (1992) 3 Cal.App.4th 1407, 1413; *In re Zachary G.* (1999) 77 Cal.App.4th 799, 806; see rule 5.570(d).)

We review the denial of a section 388 petition for abuse of discretion. (*In re S.R.* (2009) 173 Cal.App.4th 864, 870; *In re J.T.* (2014) 228 Cal.App.4th 953, 965.)

Appellant's section 388 petition alleged: "The foster parent will not or cannot support my grandson's ties to his biological family including his siblings, me, and the [maternal great-grandmother]. I have requested visitation, the [minor's siblings] have requested time with [the minor], and there is always an excuse or some intervening act that prevents this contact which is important to [the minor]. There has been no Facetime and minimal phone contact. We do not want [the minor] to be 'lost' we love him and the [foster parent] does not like us." Appellant claims those allegations were sufficient to justify a hearing. We disagree.

"[T]he term 'new evidence' in section 388 means material evidence that, with due diligence, the party could not have presented at the dependency proceeding at which the order, sought to be modified or set aside, was entered." (*In re D.B.* (2013)

5

217 Cal.App.4th 1080, 1093, quoting *In re H.S.* (2010) 188 Cal.App.4th 103, 105 [expert opinion based on evidence available at jurisdiction hearing did not constitute " 'new evidence' " within meaning of § 388].) A change in circumstances "must relate to the purpose of the order and be such that the modification of the prior order is appropriate. [Citations.] In other words, the problem that initially brought the child within the dependency system must be removed or ameliorated. [Citations.] The change in circumstances or new evidence must be of such significant nature that it requires a setting aside or modification of the challenged order." (*In re A.A.* (2012) 203 Cal.App.4th 597, 612.)

The allegations in appellant's fourth section 388 petition are nearly identical to those in her third section 388 petition, also denied by the juvenile court without a hearing. The court denied the third petition after finding it did not state new evidence or a change of circumstances and the proposed change did not promote the minor's best interests. The court also noted that it had not ordered monthly sibling visitation, despite appellant's claim to the contrary. Appellant points to nothing in the record, and we see nothing, that suggests any relevant circumstances changed between the (third) April 2020 section 388 petition and the (fourth/challenged) October 2020 petition.

We similarly reject appellant's claim that the petition was sufficient to demonstrate the requested order (for placement or frequent visitation) was in the minor's best interests. In that regard, appellant's petition alleged: "The requested order will ensure that [the minor] maintains important strong mutual attachments/bonds to his biological family that will be extinguished if the orders are not made. It is critical to his continued welfare and in his best interests to not just allow 'in theory' but to facilitate and ensure actual periods of time that can only be done with court order. The [foster parent] has shown no interest in continuing these important bonds. [The minor] already lost ties to Father's side."

As the juvenile court noted in its denial of appellant's fourth petition, a contested hearing was held in February 2019, with the presentation of evidence and argument by

6

counsel regarding appellant's request for placement. At that time, the court specifically found it was *not* in the minor's best interest to be placed with appellant, and made detailed findings that we have set forth above. In denying appellant's petition, the court found the alleged lack of support for family maintenance was insufficient to demonstrate appellant's request for placement was in the minor's best interest. We agree. As previously discussed, there was no evidence of changed circumstances sufficient to justify removing the minor from his legal guardians (where he was doing well and having his special needs met and where he wished to remain) and placing him with appellant (where there were issues regarding his care). Appellant's petition did not establish a prima facie case such that the court was required to set an evidentiary hearing. The juvenile court did not abuse its discretion.

Nor did the petition's summary denial violate appellant's right to due process. Due process requires notice and an opportunity to be heard. (*In re Melinda J.* (1991) 234 Cal.App.3d 1413, 1418.) "Whether a right to due process is violated, however, will vary according to the facts of each case." (*In re Daniel C. H.* (1990) 220 Cal.App.3d 814, 833.) Despite the constitutional status of due process claims, they may be forfeited by failure to object. (*In re A.E.* (2008) 168 Cal.App.4th 1, 4-5; *People v. Saunders* (1993) 5 Cal.4th 580, 589-590.)

With respect to appellant's claim that she was denied due process because the juvenile court denied her section 388 petition without a hearing, that contention has been forfeited because it was not raised in the juvenile court. (*In re Dakota H.* (2005) 132 Cal.App.4th 212, 222.) In any event, appellant has not established prejudice. "No judgment shall be set aside, or new trial granted, in any cause, . . . for any error as to any matter of pleading, . . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (Cal. Const., art. VI, § 13.) As we explained above, appellant failed to establish a prima facie case under section 388, thus resulting in the juvenile

7

court's denial of the petition without an evidentiary hearing.  (*In re Justice P., supra*, 123 Cal.App.4th at p. 189.)  Thus, appellant did not make the showing necessary to obtain an evidentiary hearing and cannot demonstrate prejudice from the denial of such hearing.  (*In re Marilyn H.* (1993) 5 Cal.4th 295, 310.)

II

*Denial of De Facto Parent Status*

Appellant next contends the juvenile court erred when it denied her request for de facto parent status.  We see no error.

In *In re Patricia L.* (1992) 9 Cal.App.4th 61, the appellate court set out criteria for determining who is entitled to de facto parent status:  "Whether a person falls within the definition of a 'de facto parent' depends strongly on the particular individual seeking such status and the unique circumstances of the case.  However, the courts have identified several factors relevant to the decision.  Those considerations include whether (1) the child is 'psychologically bonded' to the adult; (2) the adult has assumed the role of a parent on a day-to[-]day basis for a substantial period of time; (3) the adult possesses information about the child unique from the other participants in the process; (4) the adult has regularly attended juvenile court hearings; and (5) a future proceeding may result in an order permanently foreclosing any future contact with the adult.  [Citations.]  If some or all of these factors apply, it is immaterial whether the adult was the 'child's current or immediately succeeding custodian.'  [Citations.]  Because a court can only benefit from having all relevant information, a court should liberally grant de facto parent status.  If the information presented by the de facto parent is not helpful, the court need not give it much weight in the decision[ ]making process.  [Citation.]"  (*Id.* at pp. 66-67, fns. omitted.)

Rule 5.502(10) defines a de facto parent consistently with the *Patricia L.* test: " 'De facto parent' means a person who has been found by the court to have assumed, on a day-to-day basis, the role of parent, fulfilling both the child's physical and psychological needs for care and affection, and who has assumed that role for a substantial period."

8

Rule 5.534(a) provides in relevant part that: "On a sufficient showing, the court may recognize the child's present or previous custodian as a de facto parent and grant him or her standing to participate as a party in the dispositional hearing and any hearing thereafter at which the status of the dependent child is at issue."

The juvenile court makes its findings as to de facto parenthood by a preponderance of the evidence, and we review its findings for abuse of discretion. (*In re Leticia S.* (2001) 92 Cal.App.4th 378, 381.) We will not find an abuse of discretion unless the court "has exceeded the limits of legal discretion by making an arbitrary, capricious, or patently absurd determination. [Citation.]" (*Ibid.*)

Here, appellant's de facto parent request stated appellant cared for the minor from October 2014 until February 2018, when the court removed the minor from appellant's care and placed him with the caregivers who eventually became his legal guardians. Appellant asserts she met the five factors of the *Patricia L.* test for de facto parent status: she and the minor were psychologically bonded and she raised the minor since he was three years old; she assumed the role of a parent on a day-to-day basis by providing him with love and care and ensuring he completed his homework, played, and ate; she was familiar with his learning disabilities and behavioral issues, she took him to receive services, and she possessed information about the minor that was unique from other participants in the case; and she demonstrated that a future proceeding could result in an order permanently foreclosing any future contact between her and the minor "as evidenced by the foster parent's refusal to maintain visitation or contact between them."

The Department argues that when a psychological bond no longer exists between the adult and the child, de facto parent status should be terminated. (See *In re Patricia L., supra*, 9 Cal.App.4th at p. 67.) We do not disagree, and note that the contemplated relationship is one in the present, not in the past. At that time the request was made, appellant had not cared for the minor for nearly three years. As the juvenile court noted, there was credible evidence the minor had been subjected to verbal abuse while in

9

appellant's care. The caregivers had long ago assumed the role of parents on a day-to-day basis. Appellant's knowledge of the minor's special needs and issues was not unique to her, as the caregivers were "doing an excellent job in meeting [the minor's] special needs."

Finally, to the extent appellant argues the court erred by summarily denying her de facto parent request without a hearing, appellant fails to cite any authority, and we know of none, holding that a party requesting de facto parent status is entitled to a hearing. (See *In re R.J.* (2008) 164 Cal.App.4th 219, 224 [no authority for an evidentiary hearing].) Given the history of the case and the lack of any indication of error before us, appellant has failed to show the juvenile court abused its discretion.

## DISPOSITION

The orders of the juvenile court are affirmed.


           /s/          
          Duarte, J.



We concur:



      /s/          
Robie, Acting P. J.



      /s/          
Murray, J.