Filed 7/11/24  In re H.G. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re H.G. et al., Persons Coming Under the Juvenile Court Law. | C098886 |
| SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY,<br><br>             Plaintiff and Respondent,<br><br>      v.<br><br>V.V.,<br><br>             Defendant;<br><br>C.S.,<br><br>             Appellant. | (Super. Ct. No. STKJVDP20180000407) |

C.S., the subject minors' maternal aunt, appeals from the juvenile court's denial of her petition for modification seeking placement of the minors in her home.  (Welf. & Inst.

Code, § 388.)[1]  She claims the juvenile court erred in summarily denying her petition and not considering her for placement of the minors.  We shall affirm.

## I.  BACKGROUND

We received a limited appellate record in accordance with section 827, consisting of only 51 pages of clerk's transcript as the record on appeal.  Accordingly, portions of our background statement are taken from undisputed statements filed by the parties and the juvenile court's April 22, 2021, order denying appellant's first section 388 petition.

The subject minors, H.G., T.G., and Ha.G., now ages 16, 13, and 8, respectively, were detained from parental custody on December 12, 2018.  They stayed with a maternal cousin for a couple of weeks but were moved on December 28, 2018, to the home of their current caregivers where they have remained.  Appellant initially came forward on December 18, 2018, seeking placement of the minors and an out-of-county assessment was sent to Lake County where appellant lives.  Appellant applied for approval as a resource family in January 2019 and was approved in April 2019.  The San Joaquin County Human Services Agency (Agency), however, reported in August 2019 and again in November 2019 that, despite the approval of her home, appellant had elected to pursue visitation, rather than placement of the minors, at that time.

On August 5, 2020, after the 12-month review resulted in continued removal of the minors, appellant filed a section 388 petition for modification seeking placement of the minors.  The juvenile court denied the petition on April 22, 2021.  In its written order, the juvenile court cited the special needs of the minors and the considerable bond the minors had forged with their current caregivers, with whom they had been placed for over two years, and found changing their placement was not in their best interests.  It also concluded, alternatively, that relative placement with appellant pursuant section 361.3

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

2

was not warranted, despite the mother's support of such placement, based on its analysis of the relevant factors, including the minors' best interests, their special needs, and the "considerable bonding of the minors with their current caregivers." Thus, it concluded, that a change of placement to appellant's home was not warranted, whether considered under section 388 or section 361.3.

On May 3, 2021, appellant filed a second section 388 petition for modification seeking placement of the minors. In support of this petition, she alleged she had unsuccessfully attempted to have the minors' case transferred to Lake County after being approved as a resource family. The petition was summarily denied for failure to show a change of circumstances. The juvenile court noted that the request had already been rejected in connection with appellant's August 5, 2020 petition.

On September 20, 2022, appellant filed a third section 388 petition for modification, again seeking placement of the minors. As changed circumstances, appellant alleged: (1) her May 3, 2021, petition had not been entertained by the court and she should have been provided an evidentiary hearing; and (2) earlier reports that she had not wanted custody but only visitation was in error. Appellant alleged she had "always been ready, willing, and able to adopt these children if that was going to be the ultimate determination of the Court as to what was in their best interests." She requested reconsideration of her previous petition.

The Agency opposed the request, noting the minors had been with their current caregivers for four years, and arguing there was no showing of changed circumstances and changing the minors' placement was not in their best interests. Both H.G. and T.G. had been diagnosed with adjustment disorder with mixed anxiety and depressed mood, T.G. has an autism spectrum diagnosis, and Ha.G. was born with Triple X Syndrome. The current caregivers had completed specialized training to better meet T.G.'s needs and a bonding study had shown that the three minors had significantly strong relationships

3

with the caregivers. H.G. had repeatedly reported that she wished to be adopted by the caregivers if reunification failed.

On May 5, 2023, the juvenile court summarily denied appellant's petition for failure to state new evidence or a change of circumstances, and because the proposed change of order did not promote the best interests of the minors. Appellant filed a timely notice of appeal from the juvenile court's May 5, 2023, order.

## II. DISCUSSION

Appellant contends the juvenile court abused its discretion when it denied her section 388 petition without a hearing. She claims the petition showed a change in circumstances and that the requested modification was in the minors' best interests. As we explain, the juvenile court did not err.

A petition to change or modify a juvenile court order under section 388 must factually allege that there are changed circumstances or new evidence to justify the requested order and that the requested order would serve the minors' best interests. (*In re Daijah T.* (2000) 83 Cal.App.4th 666, 672.) The petitioner has the burden of proof on both points by a preponderance of the evidence. (Cal. Rules of Court, rule 5.570(h)(1)(D).)[2] In assessing the petition, the court may consider the entire history of the case. (*In re Justice P.* (2004) 123 Cal.App.4th 181, 189.)

The petition is liberally construed in favor of its sufficiency and the petitioner need only make a prima facie showing to trigger the right to proceed by way of a full hearing. (Rule 5.570(a); *In re Daijah T., supra,* 83 Cal.App.4th at p. 673.) " 'A "prima facie" showing refers to those facts which will sustain a favorable decision if the evidence submitted in support of the allegations by the petitioner is credited.' " (*In re Daijah T., supra,* at p. 673.) Nonetheless, if the juvenile court finds that even so construed the

_____

[2] Further undesignated rule references are to the California Rules of Court.

4

petition fails to make a prima facie case of changed circumstances and best interests under section 388, the court may deny the petition without an evidentiary hearing. (*In re Justice P., supra*, 123 Cal.App.4th at p. 189; *In re Jeremy W.* (1992) 3 Cal.App.4th 1407, 1413; *In re Zachary G.* (1999) 77 Cal.App.4th 799, 806; see rule 5.570(d).)

We review the summary denial of a section 388 petition for abuse of discretion. (*In re Anthony W.* (2001) 87 Cal.App.4th 246, 250; *In re S.R.* (2009) 173 Cal.App.4th 864, 870; *In re J.T.* (2014) 228 Cal.App.4th 953, 965.)

Here, appellant failed to make the prima facie showing necessary to obtain a hearing. The only "change of circumstances" alleged were that her previous petitions had been summarily denied and that earlier reports that she had not wanted custody but only visitation were in error. Neither of these alleged facts warranted an evidentiary hearing.

The summary denial of a previous petition is not a change of circumstance or new evidence. " '[T]he term "new evidence" in section 388 means material evidence that, with due diligence, the party could not have presented at the dependency proceeding at which the order, sought to be modified or set aside, was entered.' " (*In re D.B.* (2013) 217 Cal.App.4th 1080, 1093, quoting *In re H.S.* (2010) 188 Cal.App.4th 103, 105 [expert opinion based on evidence available at jurisdiction hearing did not constitute " 'new evidence' " within meaning of § 388].) A change in circumstances under section 388 "must relate to the purpose of the order and be such that the modification of the prior order is appropriate." (*In re A.A.* (2012) 203 Cal.App.4th 597, 612.) The change in circumstances or new evidence must be of such significant nature that it requires a setting aside or modification of the challenged order. (*Ibid*.)

Appellant's previous petitions, like the current petition, alleged that appellant had wanted the minors placed with her and that she believed she had done what was necessary to obtain placement of the minors. The first petition was denied by written order in April 2021, and the second was summarily denied in June 2021 for failure to state new evidence or a change of circumstance. Appellant made no proffer of evidence

or allegation in her third petition to suggest any relevant circumstances changed between the (second) May 2021 section 388 petition and the (third/challenged) September 2022 petition. And even if appellant's assertion that the Agency incorrectly reported that appellant had elected to pursue visitation, rather than placement of the minors, was being made for the first time, it was not new evidence, as that information was available to appellant at the time the Agency made the disputed reports, *and* at the time appellant filed her earlier 388 petitions. Moreover, while appellant now claims this information was in error, she offered no evidence she took any steps to pursue placement during this time, or made any attempt to dispute these reports. Instead, the record supports the finding that appellant stood by, as she now asserts, "standing in the wings" to see if mother would reunify and, when reunification efforts failed, *then* sought placement of the minors. In the meantime, the minors were bonding with their caregivers/de facto parents with whom they had been living since December 2018.

Given appellant's failure to make a prima facie showing of changed circumstances or new evidence, we need not reach the issue of whether she made a prima facie showing of how a change in the minors' placement would be in their best interests. (*In re Zachary G.* (1999) 77 Cal.App.4th 799, 807-808; *In re Justice P., supra,* 123 Cal.App.4th at p. 189.) We note, however, appellant's third/challenged petition made no showing, or even assertion, that the change in placement proposed by the petition was in the minors' best interests. Thus, summary denial of her petition was not an abuse of discretion.

We further reject any notion that the juvenile court erred in not providing its reasons under section 361.3 for denying appellant's third petition for modification.[3] The

---

[3] Section 361.3, subdivision (d) provides, in pertinent part: "Subsequent to the hearing conducted pursuant to Section 358, *whenever a new placement of the child must be made*, consideration for placement shall again be given as described in this section to relatives who have not been found to be unsuitable and who will fulfill the child's reunification or permanent plan requirements. In addition to the factors described in subdivision (a), the county social worker shall consider whether the relative has established and maintained a

6

juvenile court had already expressly considered and rejected appellant's relative placement request applying the factors used in a section 361.3 analysis, and finding a change of placement to appellant's home was not in the minors' best interests, whether considered pursuant to section 388 or section 361.3. Appellant had provided no new information warranting reconsideration of her request and no need for a placement change had arisen to trigger revisiting relative placement in accordance with section 361.3, subdivision (d).

## III. DISPOSITION

The order of the juvenile court is affirmed.

/S/

_____
RENNER, Acting P. J.

We concur:

/S/

_____
KRAUSE, J.

/S/

_____
MESIWALA, J.

_____

relationship with the child." (Italics added.) "If the court does not place the child with a relative who has been considered for placement pursuant to this section, the court shall state for the record the reasons placement with that relative was denied." (§ 361.3, subd. (e).)